### PECK v. WILL & BAUMER CO.

(Supreme Court, Appellate Division, Second Department.   June 19, 1902.)

CHANGE OF VENUE—CONVENIENCE OF WITNESSES—SUFFICIENCY OF AFFIDAVIT.
In an action for breach of a contract of sale of oil, in that a part only of the oil was furnished, affidavits by defendant in support of a motion for change of venue on account of the convenience of witnesses, stating that some of the witnesses would testify to the quality of the oil furnished, and others as to conversations regarding the alleged contract of sale and the sale itself, at variance with the claims set forth in the complaint, were insufficient, as failing to show that the testimony of the witnesses would be material.

Appeal from special term, Queens county.

Action by Edward M. Peck against the Will & Baumer Company. From an order granting defendant a change of venue, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Robert B. Honeyman, for appellant.

Thomas Hogan, for respondent.

PER CURIAM.   We think that the defendant did not show that the facts as to which its proposed witnesses could testify would be material upon the trial.   The complaint is for a breach of contract of sale for certain oil, in that but part thereof was delivered.   The answer is general denial.   The defendant has succeeded in changing the place of trial on the ground of the convenience of 21 witnesses, all in its employ.   The defendant states that 15 of them will testify to the quality of the ingredients of the oil, or of the oil which was furnished,

and that 6 of them can testify to conversations had as to the alleged contract for the sale of said oil and with reference to the sale, made in Europe, in regard to the same, at variance with the claims set forth in the complaint. The learned counsel for the respondent in his brief discusses the merits of the appeal as if the question to be determined was whether oil furnished in full performance of the contract was up to the standard required by the contract, and states, "Upon the argument of the motion at special term it appeared before the court that the defendant had in fact furnished the requisite number of barrels to complete the contract." But the moving affidavits, to which we are confined, do not show anything of that kind. The answer is a general denial, and the defendant moves upon an affidavit which nowhere states that it proposes to give evidence, or to attempt to give evidence, that it performed the contract by furnishing or by tendering the quantity and quality of oil required thereby. If the facts stated in the counsel's points were embodied in his client's affidavit, we should not hesitate to affirm the order, but, as we are limited by the affidavit, we seek therein in vain for any facts which justify the change of venue, and the defendant must prevail by the strength of its own affidavit, and not by the technical defects of that read in answer.

Order reversed, with $10 costs and disbursements.